## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

**CHRISTOPHER SKIPPER, individually**   *
**and on behalf of all similarly situated**   *
**individuals,**   *
       *
    **Plaintiffs,**   *
       *
**vs.**   *   **Case No.: 08-659**
       *
**MRS ASSOCIATES INC. ,**   *   **CLASS ACTION**
       *
    **Defendant.**   *

## COMPLAINT

COMES NOW the Plaintiff, Christopher Skipper, and for his complaint against the above-named Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1.    This is an action for actual, statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiff brings this action individually and on behalf of all others similarly situated to enjoin Defendant's conduct and recover damages by reason of the Defendant's violations of the FDCPA. The violating actions addressed in this Complaint include, but are not necessarily limited to, the failure to providing the requisite notice of the consumer's right to dispute the debt as required by 15 U.S.C. § 1692g.

### JURISDICTION AND VENUE

2.    This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

### PARTIES

3.    The Plaintiff is a natural person and resident of the Mobile County, Alabama. He is a "consumer" as defined by 15 U.S.C. §§ 1681a(c) and 1692a(3).

4.    Defendant MRS Associates Inc. ("MRS") is a corporation which is, upon information and belief, incorporated under the laws of the state of New Jersey and has its principal place of

business in New Jersey. For all relevant times, MRS was engaged in business within the State of Alabama, including the collection of debts. MRS is regularly engaged in the practice of debt collection.

5.     MRS sends collection letters and places collection calls as a regular part of its business.

6.     The mails and interstate wire communications are used to conduct the business of MRS.

7.     MRS is a debt collector as defined in the FDCPA.

## FACTS

8.     On or about August 18, 2008, Defendant mailed Plaintiff a collection letter demanding payment in the amount of $7,910.19. This was the first communication received by Plaintiff from Defendant. The collection letter identified the creditor as "Toyota Motor" with two account numbers listed on the letter, account number 7000146758250001 and MRS account 11776780.

9.     Nowhere on MRS's August 18, 2008 initial communication was there any statement that Plaintiff had the right to dispute the debt or the right to request verification of the debt as required by 15 U.S.C. § 1682g(a). MRS failed to provide any such statement within five (5) days after this initial communication.

10.    The August 18, 2008 collection letter was an "initial communication" within the meaning of § 1692g.

## COUNT ONE
### (Fair Debt Collections Practices Act Violations)

11.    Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

12.    This is a claim asserted against MRS for violations of the federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

13.    Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

14.     Defendant has violated the FDCPA in connection with its attempts to collect on the alleged Toyota Motor debt. Defendant violated the FDCPA by communicating with Plaintiff in an attempt to collect a debt without notifying Plaintiff that he has the right to dispute the validity of the debt and the right to request written verification of the debt. This is a violation of 15 U.S.C. § 1692g(a).

15.     The acts and omissions made by Defendant in violation of the FDCPA occurred within one year of the filing prior to this action.

16.     As a result of its violation of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, plus costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant MRS for the following:

A.     Actual damages;

B.     Statutory damages pursuant to 15 U.S.C. 1692k;

C.     Declaratory judgment that Defendant's conduct violated the FDCPA;

D.     Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k; and

E.     Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT TWO
## (CLASS ACTION ALLEGATIONS)

19.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

20.     Plaintiff prays that this court will certify this action as a class action as provided by *Federal Rules of Civil Procedure*, Rule 23, and realleges and incorporates by reference the allegations and counts of complaint on behalf of all those persons hereinafter described belonging to the class or any sub-class therein.

21.     Plaintiff brings this action on behalf of himself and all members of the class

3

composed of persons who have been subjected to collection activity by MRS that was in violation of the FDCPA of the types involved in this transaction and who are entitled to some or all of the relief requested herein.

22.    Plaintiff avers that the class is so numerous, that joinder of all members is impractical. Plaintiff further avers that there are questions of law or fact common to the class relating to the conduct of the defendant regarding said claims. Plaintiff further avers that their claims or defenses, as representative of the class, are typical of the class. Plaintiff further avers that in a representative capacity he will fairly and adequately protect the interest of the class.

23.    Each class member has, or has been subjected to collection activity in violation of the FDCPA.

24.    Names and addresses of class members are presently unknown to Plaintiff, but can be readily ascertained from the Defendant's business records.

25.    Common or similar issues of law and fact predominate over individual issues. These common issues include, but are not limited to, the following:

a.    Whether the form collection letter sent to Plaintiff and members of the class violated the FDCPA by failing to include statements regarding the right to dispute the debt and request verification of the debt.

b.    What is the appropriate remedy for MRS's violation of the FDCPA

c.    Proof of common facts and legal doctrines by the representative plaintiff consumer will determine the claims of each member of the class.

26.    This class action proceeding will provide a practical basis for the determination of all interest of the parties, prevent inconsistent adjudications, maximize judicial economy, and is superior to all other available methods of fair and efficient adjudications of the controversy.

27.    The named representative's claims are typical and representative of the class and sub-class claims.

28.    It is and was the practice of MRS to attempt debt collection that was in violation of the FDCPA as stated in the above.

4

**WHEREFORE**, Plaintiff prays that this court will certify this as a class action, and award the members of the class and any sub-class described herein the remedies provided for in 15 U.S.C. § 1692k.

**COUNT THREE**
**(DECLARATORY JUDGMENT)**

29.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

30.     Plaintiff and the members of the class bring this action in this count pursuant to Rule 57 of the *Federal Rules of Civil Procedure* in that an actual controversy exists between the parties concerning their rights under the FDCPA.

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated pray as follows:

a.     That this Court determine that this cause may proceed as a class action, that Plaintiff be appointed as class representative, that the undersigned be appointed as the attorney for the class.

b.     That this Court award Plaintiff and the members of the class statutory damages for all losses incurred by them.

c.     That the cost of prosecution and reasonable attorneys' fees be awarded to the attorney for Plaintiff and the Plaintiff's Classes.

d.     That this Court issue a temporary and permanent injunction restraining the defendant, their agents or employees from their practices alleged until further order of Court.

e.     That this Court determine the rights of the parties and directs MRS to cease illegal collection activity.

f.     That this Court enjoin defendant from destroying or altering books or records concerning or in any way relating to the practices as stated above.

g.     For such other and further relief as this Court deems just and equitable.

5

TRIAL BY JURY IS DEMANDED.

KENNETH J. RIEMER (RIEMK8712)
Attorney for Plaintiff
Post Office Box 1206
Mobile, Alabama 36633
Telephone: (251) 432-9212
Fax Number: (251) 433-7172
E-mail: kriemer@bntech.net

**PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESSES:**

MRS Associates
1930 Olney Avenue
Cherry Hill, NJ 08003

6